IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR476** |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **EMMANUEL JACKSON,** | ) | |
| Defendant. | ) | |

This matter is before the Court on the government's appeal (Filing No. 77) from the Magistrate Judge's order (Filing No. 75) granting the Defendant's motion to sever count 10 from Counts 1 through 9 of the Indictment.

## FACTUAL BACKGROUND

Count I of the Indictment charges that on or about June 17, 2008, through on or about September 17, 2008, the Defendants, Sheena James and Emmanuel Jackson, conspired to make a false statement in conjunction with the acquisition or attempted acquisition of a firearm, in violation of 18 U.S.C. § 371. Counts 2, 4, 6 and 8 charge both defendants with making a false statement in acquiring or attempting to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 2. Counts 3, 5, 7 and 9 charge both defendants with transferring a firearm to a felon, in violation of 18 U.S.C. §§ 922(d)(1) and (2). Count 10 charges Emanuel Jackson with being a felon in possession of a firearm on or about October 13, 2009, in violation of 18 U.S.C. § 922(g)(1). Counts 2 through 9 charge Jackson under the *Pinkerton* doctrine.

Magistrate Judge F.A. Gossett granted both the government's motion to sever the codefendants' trials and the motion filed by Jackson to sever Count 10 from Counts 1 through 9 in his case. (Filing No. 75.) Judge Gossett reasoned that Count 10 is improperly joined with the other counts, stating:

> Count 10 involves an entirely separate incident in which Jackson, as admitted in the government's brief, was arrested for being a felon in possession of a firearm following the stop on October 13, 2008, of a vehicle in which Jackson was the front seat passenger. Based upon the smell of marijuana, officers searched the vehicle and found a handgun under Jackson's seat. No claim is made by the government that the firearm was among the firearms involved in Counts 1-9, no claim is made that Sheena James had anything to do with the acquisition of the firearm, and the October 13, 2008, date alleged falls outside of the dates alleged in Counts 1-9.
>
> Because Count 10 is not the same or similar in character, is not based upon the same act or transaction, and does not constitute parts of a common scheme or plan, I find that the indictment does not reveal a basis for joinder of Count 10 under Fed. R. Crim. P. 8(a).

(Filing No. 75, at 2-3.)

Judge Gossett did not reach the issue of severance. The government appeals from the portion of Gossett's order in which he granted Jackson's motion.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A) the Court has reviewed the Magistrate Judge's order. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Under Federal Rule of Criminal Procedure 8(a), a defendant may be charged in an indictment with multiple offenses if "the offenses are of the same or similar character,

2

based on the same act or transaction, or are parts of a common scheme or plan. This rule is interpreted broadly in favor of joinder." *United States v. Steele,* 550 F.3d 693, 702 (8th Cir. 2008). Federal Rule of Criminal Procedure 14(a) allows a court to order separate trials if trying the counts in question together would prejudice either party.

In viewing the "same or similar character" factor, counts are properly joined when they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey,* 782 F.2d 116, 117 (8th Cir. 1986) (quoting *United States v. Shearer,* 606 F.2d 819, 820 (8th Cir.1979)).

Examples of cases in which the Eighth Circuit has found that time periods do not violate the "relatively short period of time" factor referred to in *Shearer* include seventeen and twenty months. *Id.*; *United States v. Rodgers,* 732 F.2d 625, 629 (8th Cir.1984)). In *Rodgers,* the Eighth Circuit stated:

> [T]he time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined. Indeed, that is why we have referred to a " relatively short period of time" between the two offenses. The time period is relative to the similarity of the offenses, and the possible overlapping of evidence.

*Rodgers,* 732 F.2d at 629.

In this case, Jackson moves for severance of Count 10 from Counts 1 through 9, arguing that Count 10 alleges an offense outside the time and scope of the conspiracy alleged in Count 1. Therefore, Jackson's argument relates to severance due to alleged prejudice rather than to improper joinder. Judge Gossett's order relates to joinder and does not reach the issue of severance. On appeal, the government first addresses joinder,

3

arguing that all of the charges are of the same or similar character and a common scheme or plan because they all allege that Jackson, a prohibited person, purchased or possessed handguns.  The government also argues that the time period in question is narrow, as Count 10 alleges a date 26 days later than the latest date charged in Counts 1-9.  Finally, in addressing the severance issue, the government argues that Jackson cannot show that the joinder of Count 10 is prejudicial because: Jackson's status as a felon is an element of every count; and evidence relating to Jackson's role in the alleged conspiracy would rebut his expected innocent-possession defense with respect to Count 10.  (Filing No. 78, at 4-5.)

### *Joinder*

The Court concludes that the approximate[1] 26-day time difference in question in this case is not significant.  Although the offense alleged in Count 10 is not an overt act of the conspiracy charged in Count 1, Count 10 is of similar character and may be considered as a part of a common scheme or plan insofar as all counts involve firearms.

### *Severance*

The Court finds that no clear prejudice would result from a joint trial of all offenses. The felon-in-possession charge would be prior-bad-act evidence under Federal Rule of Evidence 404(b) on any of the other nine charges.  Finally, required Eighth Circuit Model Jury Instruction 3.06 states: "Keep in mind that each count charges a separate crime.  You

---

[1] All offenses are alleged to have occurred "on or about" specified dates.

must consider each count separately, and return a separate verdict for each count." Therefore, the jury instructions cure will cure any perceived prejudice.

## CONCLUSION

For these reasons, the Court grants the government's appeal and overrules the Magistrate Judge's order granting the Defendant Jackson's motion to sever.

IT IS ORDERED:

1. The government's appeal from the Magistrate Judge's Order (Filing No. 77) is granted;

2. The Magistrate Judge's previous order (Filing No. 75), is overruled in part; and

3. The motion to sever (Filing No. 48) filed by the Defendant, Emmanuel Jackson, is denied.

DATED this 7th day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge